*LEMUEL SALLADY v. WILLIAM S. WEBB ET AL.

1. NEW MATTER IN ANSWER, CONSTITUTING A LEGAL CAUSE OF ACTION, IS TRIABLE BY JURY.

If the plaintiff sets out in his petition an *equitable* cause of action, and no issue of fact is taken on the averments thereof; but the defendant sets up new matter in his answer constituting a *legal* cause of action, which, if established, will extinguish the case made in the petition, such *legal* cause of action is triable by jury.

2. APPEAL BY PLAINTIFF FROM A DECREE DISMISSING HIS PETITION.

The plaintiff may appeal from a decree in such case dismissing his petition, although the decree is based upon a finding that the sum due on the *legal* cause of action is equal to or exceeds that claimed by him in his petition, and thus extinguished it.

3. SUCH APPEAL DOES NOT OPEN UP THE LEGAL CAUSES OF ACTION FOR RE-TRIAL.

That such appeal does not open and bring for re-trial in the circuit court the issues joined and tried in the court of common pleas upon the new matter set out in the defendant's answer.

4. COURT WILL RENDER SUCH DECREE AS THE JUSTICE OF THE CASE REQUIRES.

That if, in the circuit court, no issue is taken on the averments of the petition, the court will render such decree, as the justice of the case requires in view of the case confessed in the petition, and of the legal rights of the parties as settled in the court below (fourth clause of the syllabus in 26 O. S., 515).

---

*Cited in Brack v. Gaa, 3 Ohio Cir. Dec., (s. c. 6 C. C., 584.)

APPEAL from the Court of Common Pleas of Scioto county.

This action was brought to foreclose a mortgage given by defendant Webb in 1881, to 'his co-defendant, Wheeler, and assigned by Wheeler to the plaintiff. No issue was taken on the averments of the petition. Webb, the mortgagor, answered, setting up: 1. That his co-defendant, Wheeler, in 1874, sold him the mortgaged premises, and that the mortgage was executed by him to Wheeler to secure the balance of the purchase money unpaid at the date of the mortgage. That Wheeler had induced him to purchase the premises by mis-representing the location of their boundaries, having no reasonable grounds to believe the statements to be true, and that he was greatly damaged thereby.

2. That Wheeler, at and before the time the mortgage was assigned, was indebted to him for timber before that time sold and delivered to Wheeler.

The reply denied the averments of the answer.

BRADBURY, J.

This action was brought by the assignee of a mortgage to foreclose it, the plaintiff making both mortgagor and mortgagee defendants. There was no prayer for a personal judgment.

The petition set forth a cause of action, purely equitable, in which neither party had a right to a trial by jury, and therefore, by sec. 5226, Rev. Stat., either party could appeal to the circuit court.

The fact that no issue was joined on the averments of the petition, cannot be held to defeat the right to appeal; there is no such express limitation of this right made by the statute providing for the appeal. And it is clear that in cases where no issue of fact is taken on the averments of the petition, the defeated party may appeal from a decree adjusting his rights upon the facts stated therein, as in cases where, upon issue joined, the court has found the facts against him. The very point of contention may well be over disputed rules of law applicable to admitted facts. The right to appeal is given in the broadest terms; the language of the statute cannot be construed to confine this right to cases in which the contention is, in whole or in part, over the facts. If this view is correct, it would seem to follow that the right to appeal the case made in the petition, cannot be defeated by the defendant setting up in his answer a *legal* cross-demand, which he may do or not at his election, but which if he does set up, compels the plaintiff to take issue upon or be defeated in his action. The motion to dismiss the appeal is therefore overruled.

The plaintiff's appeal being sustained, the defendant Webb confesses his petition to be true by taking no issue upon its averments, but moves the court for a decree finding that the plaintiff's claim therein set forth is extinguised by the finding of the court below on the legal cross-demands set up by him in his answer, the court below, as disclosed by the record, having found due Webb, thereon, from the plaintiff's assignor, a sum of money greater than the plaintiff claimed in his petition. The motion is founded upon the claim, that the appeal of the plaintiff did not open up, for re-trial in this court, the issues of fact joined in the court below on the defendant's cross-demand.

The plaintiff, on the other hand, claims his appeal brought up the whole case, opened up for re-trial the issues joined and tried below on those cross-demands, and tenders evidence in support of his side of those issues.

This contention, we hold, depends upon the nature of those cross-demands. It must be borne in mind, that Webb had no claim against the plaintiff; his cross-demands were causes of action existing against his co-defendant Wheeler at the time the latter assigned the mortgage to the plaintiff; that they were demands upon which Webb could have brought independent actions against Wheeler, and had he done so, it is clear the actions would have been triable by jury; they were simply claims for the payment of money only, one sounding in tort, the other upon contract.

By virtue of sec. 5077, Rev. Stat., these cross-demands could be set up to extinguish the claim of the plaintiff.

This section reads: "When cross-demands have existed between persons under such circumstances that if one had brought an action against the other, a counter-claim or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other or by his death, but the two demands must be deemed compensated. so far as they equal each other."

Under this section, Webb set up these cross-demands; but their nature was not thereby changed, they remained legal causes of action. They were independent causes of action against his co-defendant Wheeler, which, by force of said section, could be set up in this action to compensate plaintiff's claim.

The case of Buckner v. Mear, 26 O. S., 514, establishes the rule that where the plaintiff's cause of action is triable by jury, and the defendant sets up new matter constituting an equitable cause of action, which if established will extinguish or supercede the case made in the petition, the issues taken on such new matter are triable by the court, and subject to appeal; but that the appeal would not open up for re-trial the legal issues that were determined in the court below.

The case before us is the converse of that above. That was an action at law set up in the petition, with an independent equitable one set up in the answer; this was an equitable cause of action set forth in the petition, with legal cross-demands set up in the answer. The analogies may not be perfect, but the inference is strong that if an appeal of an independent equitable cause of action, set forth in an answer, will not open up for re-trial the legal cause of action disclosed in the petition, that the appeal of an equitabe cause of action set out in a petition, will not open up for re-trial an independent legal one disclosed in the answer.

We therefore hold, that the appeal of the plaintiff in this case did not open for re-trial in this court the issues joined in the court below on the cross-demands set up by Webb, and we decline to hear evidence relating thereto. And it appearing by the record, that the sum found by the court below due to Webb on his cross-demands, is greater than the claim of plaintiff, we hold that the plaintiff's claim is extinguished thereby.

Judgment that defendant go hence without day, and recover of plaintiff his costs.

T. C. Anderson, for plaintiff.

J. J. Harper, for defendant.